UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>EFREN MUNOZ, et al.,<br><br>    Defendants. | Case No. 5:13-cv-05926 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>Re: Dkt. No. 22 |

### I. INTRODUCTION

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed a Complaint alleging that Defendant Efren Munoz, doing business as Taqueria Mi Tierra and Taqueria Mi Tierra, Inc. (hereinafter "Defendant"), illegally intercepted and broadcasted a sports event in violation of Plaintiff's licensing rights. Defendant failed to defend and, on August 20, 2014, this court granted Plaintiff's application for default judgment and awarded total damages of $2,900 for a violation of 47 U.S.C. § 605 and conversion. See Docket Item No. 20. A judgment consistent with the order was filed the same day. See Docket Item No. 21.

Presently before the court is Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). See Docket Item No. 22. The court has carefully reviewed this unopposed motion and finds it suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for January 29, 2015, will be

vacated.  Because the court does not find error in the default judgment, Plaintiff's motion will be denied for the reasons explained below.

## II. LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 59(e) may be granted on the following grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  A successful Rule 59(e) motion is an exception, not the norm, because it "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff argues under Rule 59(e) that the court's damages analysis was both factually and legally flawed.  Specifically, Plaintiff contends (1) the amount of damages is insufficient to compensate its injury or to deter future signal piracy, (2) that Plaintiff should have received a greater amount of statutory damages because it sufficiently identified Defendant's manner of interception, and (3) the damages award is "out of sync" with Ninth Circuit dicta.  These arguments are unpersuasive.

### A. Compensation and Deterrence

As noted, Plaintiff believes the amount of the judgment is neither adequate compensation nor an effective deterrent.  This court has addressed, and rejected, this exact argument in a similar case involving Plaintiff.  In Joe Hand Promotions, Inc. v. Lorenzana, No. 5:13-cv-05925 EJD, 2014 U.S. Dist. LEXIS 154973, at *5-6 (N.D. Cal. Oct. 31, 2014), the court explained that an amount of statutory damages exceeding the cost to purchase a license properly accounts for Plaintiff's loss.  As to the issue of general deterrence, the court found the $2,150 awarded to Plaintiff in that case did not create a "perverse incentive" for Lorenzana or other potential

1   offenders to break the law because "lawful conduct would still be less expensive than unlawful
2   conduct - by half the price when all is said and done." Lorenzana, 2014 U.S. Dist. LEXIS 154973,
3   at *5.  Moreover, a deterrent effect was evident because "$2,150 is a sizable amount not only for
4   [Lorenzana], but also for the other small businesses who are routinely sued in this court for this
5   particular type of conduct." Id. at *5-6.

   The reasoning from Lorenzana is equally applicable here.  Since Plaintiff's default presentation did not contain anything extraordinary, such as evidence to suggest that Defendant's improper interception of the event was motivated by commercial or private financial gain, combined statutory and enhanced damages of $1,950 more than compensates Plaintiff for the loss of the $950 licensing fee.  In addition, the total award of $2,900 is sufficient to deter other small businesses, like Defendant, from illegally intercepting future events.  Accordingly, the amount of damages was not error.

### B.   Statutory Damages

The court awarded statutory damages of $1,000 under § 605(e)(3)(C)(i)(II).  Plaintiff believes it should have received a higher amount because it provided evidence to show that Defendant intercepted the event over a satellite signal.  This argument is misplaced.  It is clear from the order that the court considered the affidavit of Plaintiff's investigator and concluded, like Plaintiff did, that Defendant had intercepted the event over a satellite signal.  For this reason, Plaintiff received damages under § 605, which is routinely applied to unlawful interceptions of satellite signals, as opposed to 47 U.S.C. § 553, which is more often applied to the unlawful interception of cable broadcasts. J & J Sports Prods. v. Manzano, No. C-08-01872 RMW, 2008 U.S. Dist. LEXIS 84931, at *6-7, 2008 WL 4542962 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.").  Thus, since the court reached the same factual conclusion as Plaintiff and chose the statutory authority most appropriate to the default judgment submission, Plaintiff has not shown error in the application of the law or in the interpretation of the evidence.

Plaintiff seems to take issue with the decision to award only the minimum amount

3
Case No.: 5:13-cv-05926 EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

provided by the statute. But the court explained why, in exercising its discretion under § 605, only a minimal damages award was justified. See 47 U.S.C. § 605(e)(3)(C)(i)(II) (providing that damages "of not less than $ 1,000 or more than $ 10,000" may be awarded "as the court considers just"). Indeed, Plaintiff had only conducted a 15-minute investigation and provided a small amount of indefinite evidence in support of its application for default judgment. It was therefore appropriate to scale statutory damages to the amount of provable loss, which in this case was the $950 cost of the license. See Garden City Boxing Club, Inc. v. Zavala, No. C 07-5925 MMC, 2008 U.S. Dist. LEXIS 79647, at *3, 2008 WL 3875272 (N.D. Cal. Aug. 18, 2008) ("A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants."). Nothing submitted with the instant motion gives cause to change that observation or to award anything more than the $1,000 statutory minimum. For that reason, there is no basis to modify the amount of statutory damages.

### C.  Ninth Circuit Dicta

Plaintiff cites Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347 (1999), in support of its proposition that the damages award is "out of sync" with suggestions from the Ninth Circuit. As the court understands the argument, Plaintiff contends the Ninth Circuit, in dicta, approved of "five figure judgments" in signal piracy cases. Having reviewed the case, however, the court does not concur that the amount of damages ordered in this case is inconsistent with the Ninth Circuit's comments in Lake Alice Bar. While the passage cited by Plaintiff does mention "five figure judgments," it also clarifies that the amount of damages ultimately awarded will depend on the particular circumstances at issue. Lake Alice Bar, 168 F.3d at 350 ("Depending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business."). The circumstances that were presented here simply do not justify a five-figure award.

## IV.  ORDER

Based on the foregoing, Plaintiff's Motion to Alter or Amend the Judgment (Docket Item No. 22) is DENIED.

4
Case No.: 5:13-cv-05926 EJD
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

The hearing scheduled for January 29, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated: January 23, 2015

 _____
 EDWARD J. DAVILA
 United States District Judge